FILED
IN CLERKS OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS, WORCESTER DIVISION

| | | |
|---|---|---|
| D.M., I.M., B.M., | : | Case No.: 4:18-cv-40009-TSH |
| and | : | |
| ADAM MAY, | : | MOTION FOR APPOINTMENT OF COUNSEL |
| and | : | |
| HEATHER MAY, *Plaintiffs*, | : | |
| | : | |
| vs. | : | |
| | : | |
| CYNTHIA DUNGEY, in her official capacity as Director of Ohio Department of Job and Family Services, | : | |
| and | : | |
| DAVID DOMBROSKY, in his official capacity as Director of Delaware County, Ohio, Department of Job and Family Services, | : | |
| and | : | |
| ASHLEY KELLER, in her official capacity as Supervisor of Delaware County, Ohio, Department of Job and Family Services, | : | |
| and | : | |
| LYNN STACY, in her official capacity as Supervisor of Delaware County, Ohio, Department of Job and Family Services, *Defendants*. | : | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS, WORCESTER DIVISION

## MOTION FOR APPOINTMENT OF COUNSEL

Plaintiffs, Adam May and Heather May, respectfully requests the Court to appoint counsel in their civil action. Plaintiffs understand that an appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances where the court determines that representation by an attorney is particularly appropriate or necessary.

In May 2015, plaintiffs hired attorney Douglas Warnock, (Delaware, Ohio), to represent them during the child custody trial scheduled for June 8, 2015, and July 2, 2015. Due to the complexity of this case Mr. Warnock has remained council for the Mays, they have paid $35,150.00 for his services thus far and they currently have an outstanding balance of $27,000.00.

The children should have never been removed from their home with the Mays and placed into foster care. Delaware County, Ohio, Department of Job and Family Services, (DCDJFS), did not comply with federal law which requires reasonable efforts be made to prevent removal and placement into foster care. DCDJFS disregarded this federal law which has had devastating results. The Mays have gone through all of their savings, taken out a personal loan, stopped contributing to their 401K, cancelled Mr. Mays' life insurance policy and have repeatedly been unable to pay their mortgage and car payments on time. Their credit has been negatively impacted, which is critical due to the Mays are the co-signers of their daughter's school loans.

The Mays have gone to great lengths to have the children removed from foster care and be placed back with them. DCDJFS maintains temporary/ legal custody of the children, while the Mays only have physical custody, therefore they have sought for a fair, unbiased resolution to their eligibility to receive foster care payments on behalf of the children. The Mays have exhausted all possible paths, including several attempts in navigating the legal system themselves. On August 13, 2015, the Mays filed a grievance complaint and on March 2, 2016, they filed a request for a state hearing with Ohio Department of Job and family Services Bureau of State Hearings. The Mays requested

an Administrative Appeal on April 6, 2016, filed for a judicial review and then another Administrative Appeal was held. The Mays have filed objections to the children's semi-annual case review in Delaware County, Ohio, Juvenile Court on two separate occasions and motioned the Ohio Supreme Court for a Writ of Mandamus.

The Mays have spoken with countless lawyers from Ohio, Kentucky and Massachusetts including; Richard Dawahare, (Lexington, KY.), Farlow & Associates, (Dublin, Ohio), Robert J. Beggs, (Columbus, Ohio), Jason Beehler, (Columbus, Ohio), Ashley Gilbert, (Supreme Court of Ohio), and FYLaw Capital University Law School in Ohio. Many of the attorneys explained it is not an area of law they are familiar with or were comfortable with taking on.

The Mays sought guidance from the Court Services provided by Worcester County Probate and Family Court Services. The Mays spoke with both attorneys however, neither could determine a legal avenue the Mays could pursue. The Mays have contacted Children's Law Center of Massachusetts, National Children's Alliance, National Children's Advocacy Centers, CASA in Ohio and Massachusetts. The Mays have also reached out to Josh Kroll, Project Coordinator at North American Council on Adoptable Children, (St Paul, MN.), Sharon McCartney, Consultant for Medicaid and Child Welfare, AAICAMA National Office, (Washington, DC), and Carla Fults, Division Director, American Public Human Services Association, (Washington, DC). The Mays also filed a complaint with Steve Stumphauzer, ODJFS Bureau of Civil Rights, (Columbus, Ohio), and have recently been in contact with Harvard Legal Aid Bureau.

The Mays spoke with the children's guardian *ad litem,* they explained the much needed financial support and the legal responsibility of Delaware County Department of Job and Family Services to provide it. In May 2015, Delaware County, Ohio, Juvenile Court appointed D.M. and I.M., (the two older children), their own attorney, Mr. Ross Long. The Mays have requested that Mr. Long act on the children's behalf seeking financial responsibility from Delaware County Department of Job and Family Services. On July 28, 2016, Mr. Long did write a letter to Delaware County Department of Job and Family Services validating the Mays' claims however, neither attorney has motioned Delaware County, Ohio, Juvenile Court, or any court, for financial support for the children.

The Mays have a twenty- one (21) year old daughter, a senior at Ohio University, she attends school full time and is dependent on the Mays. D.M. recently started his freshman year at Becker University in Worcester, Massachusetts. D.M. lives on campus and attends school full time. Even though D.M. is a independent student, he is dependent on the Mays. The Mays have three (3) children residing at home, a fifteen (15) year old son, I.M., who is fifteen (15) years old and B.M., who is seven (7) years old.

The Mays sincerely believe there is merit to their complaint and believe that equality and justice is unachievable without the help of an attorney. The Mays respectfully request the Court appoint counsel. Thank you.

Under penalty of perjury, I declare that the information given in this motion is true and correct on this 9th day of February 2018.

_____   2/9/2018
Adam May                              Date
187 Ramshorn Rd.
Dudley, MA. 01571
(614) 313- 2258
mayemc2@yahoo.com


_____   2/9/2018
Heather May                           Date
187 Ramshorn Rd.
Dudley, MA. 01571
(774) 922- 0103
may.heather@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS, WORCESTER DIVISION

## CERTIFICATE OF SERVICE

Adam May and Heather May hereby certify that a copy of the foregoing Motion For Appointment of Counsel has been mailed, by ordinary U.S. mail, on this 9th day of February 2018, to the foregoing parties:

Cynthia Dungey, *in her official capacity as Director of Ohio Department of Job and Family Services,* at 30 E. Broad St. 32nd Floor Columbus, OH. 43215.

David Dombrosky, *in his official capacity as Director of Delaware County, Ohio, Department of Job and Family Services,* at 140 N. Sandusky St. Delaware, OH. 43015.

Ashley Keller, *in her official capacity as Supervisor of Delaware County, Ohio, Department of Job and Family Services,* at 140 N. Sandusky St. 2nd Floor Delaware, OH. 43015.

Lynn Stacy, *in her official capacity as Supervisor of Delaware County, Ohio, Department of Job and Family Services,* at 140 N. Sandusky St. 2nd Floor Delaware, OH. 43015.