**In The United States District Court for the District of Massachusetts**

| | |
|---|---|
| D.M., et al.,<br><br>    **Plaintiffs**<br><br>v.<br><br>Cynthia Dungey, et al.,<br><br>    **Defendants.** | **Case No: 4:18-cv-40009**<br><br>**Judge Hillman**<br><br>**Magistrate Hennessey** |

**Delaware County Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Service of Process, and Venue.**

Delaware County Defendants, David Dombrosky, Ashley Keller, and Lynn Stacey (hereinafter "Delaware County") move the court to dismiss this Complaint, under Fed. R. Civ. Proc. 12(b). Plaintiffs have failed to establish that Massachusetts has personal jurisdiction over the Defendants, that Plaintiffs have properly served the Defendants, and that the District Court of Massachusetts is the proper venue. Therefore, this Court should enter dismiss this matter in favor of Defendants.

Respectfully submitted,

Carol Hamilton O'Brien
Delaware County Prosecuting Attorney

/s Andrew J. King_____
Andrew J. King (Ohio Bar #0080206)
(Counsel of Record, Admitted *Pro Hac Vice*)
Assistant Prosecuting Attorney
Delaware County Prosecuting Atty.'s Office
140 North Sandusky Street, 3rd Floor
Delaware, Ohio 43015
Telephone:     (740) 833-2690

**Memorandum in Support**

1

**I. Introduction**

Plaintiffs Adam and Heather May ("Plaintiffs") were awarded legal custody of three children by the State of Kentucky. Initially, when Plaintiffs decided to move from Ohio to Massachusetts, Plaintiffs sought to relinquish those rights and abandon those children in Delaware County, Ohio. Ultimately, they changed their mind and asked that the children be reunited with them and then together go to Massachusetts. Because Massachusetts had no legally significant contact with this matter, there is no personal jurisdiction over this case

Further, the Massachusetts long-arm statute does not permit this Court to issue service of process under Fed. R. Civ. Proc. 4(k). Finally, venue is proper in the Southern District of Ohio because that is where the governmental entities involved are located and is the only judicial district in which the Defendants' conduct occurred. Accordingly, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction, service of process, and improper venue.

**II. Facts**

In February 2014, Judge Tim Feeley of the Oldham County Family Court in LaGrange, Kentucky made a finding that three children, who were and now are in the custody of Plaintiffs, were neglected based on ongoing drug use by their parents. The children were placed in the temporary custody of their maternal aunt and uncle, Plaintiffs Heather and Adam May, who lived in Delaware County, Ohio.[1]

Then, parents Halanna Hoffmann and Daniel Day moved to Illinois, leaving no parties in Kentucky. The Kentucky Cabinet for Health and Family wanted Delaware County Department of Job and Family Services ("DCDJFS") to accept a transfer of the social services case from Kentucky, but DCDJFS refused because the biological parents did not

---

[1] Commonwealth of Kentucky, Court of Justice, Oldham County, Kentucky, In the Interest of D. (8-7-99); I. (9-17-01); B. (3-28-10), Case numbers 14-J-00015-001, 14-J-00016-001, 14-J-00017-001. Judgment Entry February 6, 2014.

live in Ohio. DCDJFS provided courtesy supervision of the children for Kentucky for a couple of months until the State of Kentucky closed its case. On April 17, 2014, Judge Feeley granted "permanent legal custody" to Plaintiffs and unilaterally ceded its "home state jurisdiction" over the children to Delaware County, Ohio. [2]

In July 2014, mother Halanna Hoffmann filed a private motion in the Delaware County Juvenile Court to regain custody of her children with Plaintiffs as the opposing parties.[3] Plaintiffs later reported to the Guardian ad Litem assigned to the children in the custody case that they were no longer able to care for the children. Relator Adam May had recently had a job transfer to Boston, Massachusetts, and they decided they could not afford to continue to go to court with Halanna Hoffmann.

The Guardian ad Litem (Randall Fuller) filed a Dependency case in Delaware County because "the custodians have vacillated as to whether they will retain custody of the minor children" and that the children would become homeless if the Plaintiffs relinquished custody.[4] The Guardian ad Litem requested that the children remain in the custody of the Plaintiffs. But, at the Shelter Care/Probable Cause hearing, the Plaintiffs relinquished custody of the children and made admissions to dependency, knowing that the only option for the children at that point would be placement in foster care.

Based on Plaintiffs' surrendering custodial rights, the Guardian ad Litem changed his recommendation to give temporary custody to DCDJFS. As the Plaintiffs' attorney said at the hearing on January 30, 2015, "Mr. May was offered a position in Boston and has to

---

[2] Commonwealth of Kentucky, Court of Justice, Oldham County, Kentucky, In the Interest of D. (8-7-99); I. (9-17-01); B. (3-28-10), Case numbers 14-J-00015-001, 14-J-00016-001, 14-J-00017-001. Judgment Entry April 17, 2014.
[3] Delaware County Juvenile Court, case numbers 14071592-AD, 14071593-AD
[4] Delaware County Juvenile Court, In Re Brooklyn D., Ireland D., Damian D., case numbers 15-01-0056-AB, 15-01-0057-AB, 15-01-0058-AB. Complaint for Dependency Filed January 15, 2015.

move quickly and they cannot take the children with them."[5] The Plaintiffs entered an admission to dependency and an additional hearing was set. Ultimately, the children were adjudicated dependent on March 4, 2015.[6]

But at that hearing on March 4, the Plaintiffs filed a Motion for Legal Custody asking for custody to be returned to them. It was not clear from the filing why Plaintiffs changed their minds, but DCDJFS had already begun to work a reunification plan with the children's mother, Halanna Hoffmann.

The Plaintiffs' Motion for Legal Custody was heard on April 28, 2015 and the Delaware County Juvenile Court granted Plaintiffs' motion after a full trial.[7] The order of legal custody was conditioned on the Interstate Compact on the Placement of Children ("ICPC") being approved by Massachusetts. This appeared extremely likely based on Plaintiffs' lack of criminal history, the testimony that the Plaintiffs were willing to accept legal custody, and documentation that Plaintiffs were able and willing to support the children financially.[8] While awaiting the ICPC approval, the Court ordered that the children remain in the temporary custody of DCDJFS but be placed with the Plaintiffs in Massachusetts.[9] The children were removed from foster care and moved to Massachusetts to live with the Plaintiffs in August 2015. And the Court granted Plaintiffs permanent legal custody, consistent with the ruling of the Kentucky Court.

---

[5] Delaware County Juvenile Court, In Re Brooklyn D., Ireland D., Damian D., case numbers 15-01-0056-AB, 15-01-0057-AB, 15-01-0058-AB. Magistrate's Decision January 14, 2015.
[6] Delaware County Juvenile Court, In Re Brooklyn D., Ireland D., Damian D., case numbers 15-01-0056-AB, 15-01-0057-AB, 15-01-0058-AB. Magistrate's Decision March 6, 2015.
[7] Delaware County Juvenile Court, In Re Brooklyn D., Ireland D., Damian D., case numbers 15-01-0056-AB, 15-01-0057-AB, 15-01-0058-AB. Magistrate's Decision August 27, 2015.
[8] Delaware County Juvenile Court, In Re Brooklyn D., Ireland D., Damian D., case numbers 15-01-0056-AB, 15-01-0057-AB, 15-01-0058-AB. Movant's Exhibit 15 – Statement of Understanding of Legal Custody.
[9] Delaware County Juvenile Court, In Re Brooklyn D., Ireland D., Damian D., case numbers 15-01-0056-AB, 15-01-0057-AB, 15-01-0058-AB. Magistrate's Decision August 27, 2015.

DCDJFS filed a motion in the Delaware County Juvenile Court to terminate the case pursuant to Ohio Revised Code § 2151.415(A)(1). DCDJFS's motion argued that the case should be closed as the children were back with the custodians whom had initially admitted dependency, thus there was no longer a need for protective supervision. The Delaware County Juvenile Court granted the motion. By dismissing the case, the Plaintiffs' right to maintain permanent legal custody of the children arises solely out of the order issued by the Kentucky court. Likewise, with the children no longer residents of Ohio, along with no pending claim of neglect or dependency, DCDJFS has ceased its involvement in the matter.

This dismissal, although currently on appeal, ended Delaware County's involvement in the children's[10] cases. Importantly, Plaintiffs were awarded no legal rights to the children under Ohio law. Delaware County's only formal involvement in this matter was due to Plaintiffs' desire to relinquish their custodial rights granted by the State of Kentucky, move to another state, and abandon the children in Ohio. Once Plaintiffs decided to maintain those rights and move the children with them, Ohio and Delaware County ceased to have any protective need requiring the cases to remain open.

**III. Plaintiffs' Complaint should be dismissed.**

**A. The Court lacks personal jurisdiction here because Defendants had no contacts with the judicial district or the State of Massachusetts.**

The strictures of personal jurisdiction arise from the Due Process clause, which requires that the defendants have "minimum contacts" with the forum state. The character of these contacts must be such that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

---

[10] Since this matter began, the oldest child has turned 18 and has no further involvement.

When faced with an action against an out-of-state defendant, a court must have either general or specific personal jurisdiction over an out-of-state defendant. *Rodriguez v. Samsung Elecs. Co.*, 827 F. Supp. 2d 47, 50 (D. Mass. 2011). General jurisdiction exists when the defendant has engaged in "continuous and systematic activity," unrelated to the suit, in the forum state. *Id*. Here, general jurisdiction is absent because Delaware County is a local, state-created governmental entity without continuous and systematic contacts with Massachusetts. Plaintiffs failed to plead such contacts, and Defendants are unaware of any significant contacts.

Specific jurisdiction, on the other hand, examines the particularities of the suit to determine whether personal jurisdiction exists. This District Court follows the First Circuit's tripartite analysis, used to determine whether the exercise of specific jurisdiction is appropriate: "1) whether the claims arise out of or are related to the defendant's in-state activities, 2) whether the defendant has purposefully availed itself of the laws of the forum state and 3) whether the exercise of jurisdiction is reasonable under the circumstances." *Id*., at 51.

A court must make "an affirmative finding on each of the three elements of the test ... to support a finding of specific jurisdiction." *Id.* If the Court finds one of the elements lacking, then that is sufficient to declare it is without personal jurisdiction. *Id*.

Here, Plaintiffs' action fails on all three factors. First, the activities Plaintiffs complain of here took place wholly within Delaware County, Ohio. Delaware County's involvement was due to Plaintiffs' intent to abandon three children within its boundaries. Although DCDJFS has had incidental contact with Plaintiffs since moving to Massachusetts, those contacts arise entirely out of the Ohio dependency matter that underlies this present lawsuit. But for Plaintiffs moving to Massachusetts and DCDJFS and Delaware County Juvenile Court allowing the children to move during the pendency of the Ohio dependency

matter, Massachusetts would have no involvement. The Plaintiffs would be residing in Massachusetts and the children would have been placed in foster care by DCDJFS in Ohio.

Because the underlying conduct complained of here arose exclusively in Ohio, there is no significant contacts arising out of Ohio's contact with Massachusetts. Thus, Plaintiffs' action fails the but-for-causation test set forth in *Rodriguez*.

Second, Delaware County has done nothing to avail itself of Massachusetts law. In fact, Delaware County has terminated its legal efforts to re-shelter these children, which had proceeded under Ohio law. And Ohio has disclaimed any responsibility over or authority to supervise the children now living in Massachusetts or modify Plaintiffs' custodial rights created under Kentucky law. It was not foreseeable that Delaware County employees would be forced to defend an action in Massachusetts for conduct occurring solely in Ohio.

Third, it is not reasonable for the District Court of Massachusetts to assert personal jurisdiction over officers of a local government located in Ohio, over conduct taking place entirely in Delaware County, Ohio. Similar to the Court's holdings in *Rodriguez*, it is unreasonable to force Ohio defendants to travel to Massachusetts to defend alleged tortious conduct that occurred solely in Ohio. Likewise, Massachusetts has no interest in asserting jurisdiction over an alleged tort that occurred in Ohio when all the parties were residents of Ohio and arising out of Plaintiffs' admission that Ohio resident children were dependent and thus needed protection and care by DCDJFS. And this matter was subsequently dismissed after Plaintiffs became residents in Massachusetts.

The core of Plaintiffs' complaint is they believe that they are entitled to compensation for being Ohio foster parents. They arrive at this conclusion despite the fact that their now uncontested right to legal custody of the children was granted by Kentucky and Ohio did

not modify that decision. Accordingly, if their claim for compensation is valid in any way, it is against the State of Kentucky.

Plaintiffs have argued that they are entitled to compensation from Ohio for the placement of the children with them. Essentially, they claim that by attempting to abandon their custodial children in Delaware County, Ohio by admitting that they were dependent children, then by DCDJFS taking temporary custody of these dependent children because there was no one else to take custody, and then by Plaintiffs refusing to relinquish custody and instead take them to Massachusetts, Delaware County, Ohio is obligated to pay them as Ohio-based, non-family foster parents. Even if that argument had merit, the dispute arises out of conduct that occurred exclusively in Ohio, even if the dispute is dressed up as a constitutional tort. Accordingly, Massachusetts has no interest in this dispute.

Therefore, the Court should find that it is without specific jurisdiction to hale Defendants into court and should dismiss the Complaint for lack of personal jurisdiction.

**B. The Massachusetts long-arm statute doesn't allow for service of process against Delaware County.**

The Supreme Court holds that for service of process issued from a federal court to be proper, something must authorize service on the defendant. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Because Delaware County is a local government outside of Massachusetts, Fed. R. Civ. Proc. 4(k)(1)(A) borrows Massachusetts' long-arm statute, which is M.G.L.A. 223A § 3.

Although the limits of Massachusetts' long-arm statute are generally considered co-extensive with the limits of personal jurisdiction under the Due Process clause, it still bears examination regarding whether service of process was proper. Section (c) permits service for actions arising from a person's causing tortious injury by act or omission in this Commonwealth. Because the alleged injury took place in Ohio, this section does not apply.

Section (d) provides for a narrower assertion of personal jurisdiction over out-of-state parties, who are allegedly tortfeasors by "causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth [.]"

As discussed above, Plaintiffs do not allege that and Defendants are unaware of Delaware County regularly doing or soliciting business in Massachusetts, nor would it as a local government. Nor does Delaware County engage in a persistent course of conduct with Massachusetts. Further, Delaware County derives no revenue from Massachusetts. Accordingly, Plaintiffs failed to achieve proper service of process under Fed. R. Civ. Proc. 4 (k) and the matter should be dismissed under Fed. R. Civ. Proc. 12(b).

**C. The District Court for Massachusetts lacks venue because Delaware County is located wholly within the Southern District of Ohio and the actions underlying Plaintiffs' Complaint took place within the Southern District of Ohio.**

Plaintiffs sued state and local officers, in their official capacities, in the District Court for Massachusetts. Federal courts have interpreted 28 U.S.C. 1391 as limiting venue in such cases to where the officials performed their official duties, where the policy was adopted, or where the action complained of took place. *Ansley v. Warren*, No. 116CV00054MOCDLH, 2016 WL 5213937, at *8 (W.D.N.C. Sept. 20, 2016), aff'd, 861 F.3d 512 (4th Cir. 2017) (collecting other cases from other districts). In all tests, the proper venue is the Southern District of Ohio.

On the other hand, the State of Ohio and Delaware County are not subject to personal jurisdiction of this Court. Thus, 28 U.S.C. 1391(c)(2) does not give rise to venue in Massachusetts. And no other part of the venue statute would vest venue in this Court. As a result, the Court should dismiss the matter under Fed. R. Civ. Proc. 12(b).

In the event that the Court determines that there is personal jurisdiction, Defendants ask that the Court transfer this case to the Southern District of Ohio under 28 U.S.C. 1404. The convenience of the witnesses and interest of justice would be better served by prosecuting this matter in the District Court for the Southern District of Ohio.

## IV. Conclusion

The Plaintiffs claim they suffered injury by Delaware County, Ohio employees arising from a child dependency action that they caused to be initiated while they were residents of Delaware County. Although Plaintiffs are now residents of Massachusetts, this is insufficient to vest the Court with personal jurisdiction over Defendants. Further, in the absence of personal jurisdiction, Plaintiffs cannot perfect service of process, nor is the District of Massachusetts the proper venue. Accordingly, the Court should dismiss this matter under Fed. R. Civ. Proc. 12(b). Alternatively, Delaware County should be granted the opportunity to file a 12(b)(6) motion before the Court orders an answer to the Complaint.

Respectfully submitted,

Carol Hamilton O'Brien (0026965)
Delaware County Prosecuting Attorney

/s Andrew J. King_____
Andrew J. King (Ohio Bar #0080206)
(Counsel of Record, Admitted *Pro Hac Vice*)
Assistant Prosecuting Attorney
Delaware County Prosecuting Atty.'s Office
140 North Sandusky Street, 3rd Floor
Delaware, Ohio 43015
Telephone:     (740) 833-2690

## **Certificate of Service**

I hereby certify that a true copy of the above document was served upon Plaintiffs by mail on February 14, 2017.

/s Andrew J. King_____
Counsel for Delaware County Defendants